1    **WO**

2

3

4

5                            **NOT FOR PUBLICATION**

6                 IN THE UNITED STATES DISTRICT COURT

7                      FOR THE DISTRICT OF ARIZONA

8

9    Vladimir Brunat, Dagmar Brunat          )    No. CV-09-1796-PHX-FJM
                                             )
10            Plaintiffs,                     )    **ORDER**
                                             )
11   vs.                                      )
                                             )
12                                            )
     IndyMac Federal Bank; Deutsche Bank     )
13   National Trust Company; Quality Loan    )
     Service Corporation,                     )
14                                            )
             Defendants.                      )
15                                            )

16   _____

17

18        The court has before it defendant Deutsche Bank's motion to dismiss (doc. 24),

19   plaintiffs' response (doc. 26), and defendant's reply (doc. 27).

20        On March 25, 2005, plaintiffs entered into a residential mortgage transaction with

21   M&I Marshall and Ilsey Bank, to finance the purchase of their home (the "Property").  On

22   September 20, 2006, plaintiffs refinanced the original loan with IndyMac Federal Bank,

23   executing a promissory note in the amount of $748,500.00 ("new loan") which was secured

24   by a deed of trust on the Property.  On June 17, 2009, IndyMac assigned "all beneficial

25   interest" in the new loan to Deutsche Bank.

26        Plaintiffs claim that the defendants failed to make disclosures required by the Truth

27   in Lending Act and filed this action seeking rescission and statutory damages.  See 15 U.S.C.

28   §§ 1635, 1640.  Deutsche Bank now moves to dismiss Count 1of the complaint pursuant to

Rule 12(b)(6), Fed. R. Civ. P.

The right of rescission is not an available remedy for either a residential mortgage transaction as defined in 15 U.S.C. § 1602(w), or for a refinancing of the principal balance then due. 15 U.S.C. § 1635(e)(1) and (2). Because the subject loan was a refinance of plaintiffs' initial financing of the Property, rescission is not an available remedy under TILA and plaintiffs' claim for rescission is dismissed.

Plaintiffs have also failed to state a claim for statutory damages under TILA. Deutsche Bank is the assignee of the underlying deed of trust. It was not the original lender. A civil action for statutory damages under 15 U.S.C. § 1641(a) can be maintained against an assignee "only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement." Id. Plaintiffs contend that the itemization of the amount financed in the disclosure statement failed to include as part of the finance charge fees for document preparation, recording, notary and appraisal. Complaint ¶¶ 15-16. But a review of the disclosure statement gives no indication that there was any violation of TILA's disclosure requirements. See Complaint, exhibit F. Therefore, plaintiffs have failed to set forth the prerequisites for a valid claim against Deutsche Bank as assignee of the loan. Plaintiffs' claim for statutory damages against Deutsche Bank is dismissed.

**IT IS ORDERED GRANTING** defendant Deutsche Bank's motion to dismiss Count 1 of the complaint (doc. 24).

DATED this 26th day of May, 2010.


_Frederick J. Martone_
_____
Frederick J. Martone
United States District Judge