1 **WO**
2
3
4
5 **NOT FOR PUBLICATION**
6 IN THE UNITED STATES DISTRICT COURT
7 FOR THE DISTRICT OF ARIZONA
8

| | | |
|---|---|---|
| Vladimir Brunat, Dagmar Brunat | ) | No. CV-09-1796-PHX-FJM |
| Plaintiffs, | ) ) | **ORDER** |
| vs. | ) ) ) | |
| IndyMac Federal Bank; Deutsche Bank National Trust Company; Quality Loan Service Corporation, | ) ) ) ) | |
| Defendants. | ) ) | |

The court has before it plaintiffs' motion for reconsideration (doc. 32), defendant Deutsche Bank's response (doc. 41), plaintiffs' reply (doc. 42) and motion to strike (doc. 43).

We first deny plaintiffs' motion to strike (doc. 43). Objections to arguments raised in a response should be contained in a reply and not presented by separate motion. See LRCiv 7.2(m)(2).

In our May 26, 2010 Order (doc. 29), we held that plaintiffs failed to state a claim for statutory damages under TILA because Deutsche Bank is the assignee of the underlying deed of trust and the alleged TILA violations were not apparent on the face of the disclosure statement. See 15 U.S.C. § 1641(a). Plaintiffs do not challenge this holding.

Instead, plaintiffs ask us to reconsider our conclusion that the right of rescission is not an available remedy against Deutsche Bank because the subject transaction involved the "refinancing" of a loan. See 15 U.S.C. § 1635(e)(2). Plaintiffs argue for the first time in

their motion for reconsideration that TILA's exception to the right of rescission does not apply to refinancing transactions unless the refinancing is advanced by "the same creditor [and is] secured by an interest in the same property." Id. Plaintiffs contend that the exception does not apply in this case because their original loan was provided by M&I Bank, while the refinancing was advanced by IndyMac Bank.

Although we requested a response from Deutsche Bank, it did not address the merits of this argument. Instead, it raised new grounds to support its dismissal from the case. These arguments are better presented in a motion for summary judgment and we do not consider them here.

**IT IS ORDERED GRANTING** plaintiffs' motion for reconsideration (doc. 32) and revising our order to conclude that Deutsche Bank's motion to dismiss is denied to the extent that the complaint seeks the remedy of rescission.

**IT IS FURTHER ORDERED DENYING** plaintiffs' motion to strike (doc. 43).

DATED this 23rd day of July, 2010.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge