**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Vladimir Brunat, Dagmar Brunat | ) | No. CV-09-1796-PHX-FJM |
| Plaintiffs, | ) | **ORDER** |
| vs. | ) | |
| IndyMac Federal Bank; Deutsche Bank National Trust Company; Quality Loan Service Corporation, One West Bank, | ) | |
| Defendants. | ) | |

The court has before it defendants' motion for summary judgment (doc. 48), plaintiffs' response (doc. 51) and request for hearing on motion for summary judgment (doc. 54), and defendants' reply (doc. 52). Because the briefs are sufficient to decide the issues presented, we deny plaintiffs' request for a hearing on the motion for summary judgment (doc. 54).

**I**

Plaintiffs refinanced their home loan with defendant IndyMac Federal Bank on September 20, 2006, in the principal sum of $748,500.00. The loan obligation was secured by a Deed of Trust on real property located at 30507 North 164th Street in Scottsdale, Arizona. The Note and beneficial interest in the Deed of Trust were assigned to defendant Deutsche Bank on June 25, 2009, as evidenced by the recording of an Assignment of Deed

1   of Trust.  Deutsche Bank subsequently recorded a Substitution of Trustee naming defendant

2   Quality Loan Service Corporation.

3   Plaintiffs filed this action under the Truth in Lending Act ("TILA") against One West

4   Bank as the successor in interest to IndyMac, Deutsche Bank as the assignee of the Note and

5   Deed of Trust, and Quality Loan Service Corporation.  Plaintiffs argue that IndyMac violated

6   TILA by: (1) failing to provide Dagmar Brunat with a Notice of Right to Rescind; (2) failing

7   to provide plaintiffs with a good faith estimate as required by the Real Estate Settlement

8   Procedures Act, 12 U.S.C. § 2603; and (3) failing to include charges for document

9   preparation, recording, notary, and appraisal in the "amount financed" section of the TILA

10  Disclosure Statement.  On May 26, 2010, we dismissed plaintiffs' claim for statutory

11  damages, leaving rescission the only available remedy (doc. 29).[1]

12                                                **II**

13  We first reject Deutsche Bank's argument that it has no liability under TILA because

14  it is the assignee of the beneficial interest in the underlying Deed of Trust and not the original

15  lender.  Relying on 15 U.S.C. § 1641(a), the parties dispute whether the alleged TILA

16  violations are apparent on the face of the loan documents so as to subject Deutsche Bank to

17  assignee liability.  Neither party recognizes 15 U.S.C. § 1641(c), however, which preserves

18  a borrower's right to rescission (as opposed to statutory damages) as against an assignee.

19  Section 1641(c) provides, "Any consumer who has the right to rescind a transaction under

20  section 1635 of this title may rescind the transaction as against any assignee of the

21  obligation."  15 U.S.C. § 1641(c).  Therefore, it is immaterial whether a TILA violation is

22  apparent on the face of the documents.

23

24  _____

     [1]Plaintiffs abandon their claim that the notice of trustee's sale was invalid.  They state

25  that "Defendants have gone forward with a Trustee's Sale and now the second cause of
     action is moot."  Response at 11.  Defendants do not address this issue.  If it is true that the

26  property has been sold at a trustee's sale, plaintiffs' eligibility for the remedy of rescission
     has expired.  See 15 U.S.C. § 1635(f) (the right to rescission expires "three years after the

27  date of consummation of the transaction or *upon the sale of the property*, whichever occurs

28  first) (emphasis added).

                                                - 2 -

**III**

Plaintiff Dagmar Brunat argues that defendants violated TILA by failing to give her a copy of the Notice of Right to Cancel, as required by Regulation Z, 12 C.F.R. § 226.23(b)(1).  Defendants counter that Ms. Brunat did receive a Notice of Right to Cancel on September 20, 2006, and submit as evidence a document entitled "Notice of Right to Cancel" containing Dagmar Brunat's signature.  DSOF, ex. A.  Ms. Brunat does not deny that this is her signature.  Instead, she merely asserts only that she "do[es] not recall being provided with a copy of a notice of right to cancel."  PSOF, ex. 1 ¶ 9.  This is insufficient to contradict defendants' evidence or otherwise establish an issue of fact.  We grant defendants' motion for summary judgment on this claim.

**IV**

Plaintiffs next contend that they did not receive a good faith estimate as required by the Real Estate Settlement Procedures Act, 12 U.S.C. § 2603.  Amended Complaint ¶ 9.  However, there is no private right of action under § 2603.  See Martinez v. Wells Fargo Home Mortg., Inc., 598 F.3d 549, 557 (9th Cir. 2010).  Moreover, plaintiffs appear to have waived their claim relating to the good faith estimate.  Response at 9.  Accordingly, this claim is dismissed.

**V**

Plaintiffs also argue that the Disclosure Statement violates TILA by failing to include in the "amount financed" certain charges, including a $50 document preparation fee, $200 recording fee, $60 notary fee, and $850 appraisal fee.

Regulation Z permits lenders to exclude from finance charge disclosure any fees for the preparation of certain "loan-related documents," so long as such fees are "bona fide and reasonable in amount."  12 C.F.R. § 226.4(c)(7); Brannam v. Huntington Mortg. Co., 287 F.3d 601, 602 (6th Cir. 2002).  The challenged fees fall into this exception.  Moreover, defendants assert that these fees were not included in the Disclosure Statement because plaintiffs were not actually assessed these fees.  The final settlement statement supports this claim.  DSSOF, ex. C.  We agree that failure to include these fees in the Disclosure Statement

1  does not constitute a TILA violation.

2  **VI**

3  Finally, even a TILA violation had occurred, we would nevertheless conclude that
4  rescission is not an available remedy in this case.  As prescribed by TILA, the borrower first
5  notifies the lender of his intention to rescind.  Within 20 days of receiving the notice, the
6  lender terminates its security interest and returns payments made by the borrower.  The
7  borrower then tenders the loan proceeds or the property to the lender. 15 U.S.C. § 1635(b);
8  12 C.F.R. § 226.23(d)(1)-(3). TILA, however, gives courts discretion to modify the sequence
9  of events and instead to condition rescission on the borrower's tender of the loan proceeds
10  or property.  15 U.S.C. § 1635(b); 12 C.F.R. § 226.23(d)(4) ("The procedures prescribed by
11  this subsection shall apply except when otherwise ordered by a court."); Yamamoto v. Bank
12  of New York, 329 F.3d 1167, 1171 (9th Cir. 2003).  Courts exercising this discretion have
13  been reluctant to compromise a lender's security interest and return monies paid unless the
14  borrower establishes his ability to tender the proceeds or property.  See, e.g., LaGrone v.
15  Johnson, 534 F.2d 1360, 1362 (9th Cir. 1976).

16  The provision for the tender of "property" is not applicable in the present case.
17  IndyMac gave plaintiffs money in the form of a refinance loan, as opposed to property such
18  as lumber, siding, or fixtures. See 12 C.F.R. § 226.23(d)(3), comment 1.  Therefore, in order
19  to effectuate the equitable remedy of rescission and restore the parties to their pre-transaction
20  positions, plaintiffs must tender the balance of the loan proceeds to defendants.  15 U.S.C.
21  § 1635(b); 12 C.F.R. § 226.23(d)(3).

22  Here, plaintiffs have stated that they are willing and able to turn over the real property
23  secured by the loan.  PSOF, ex. 1 ¶ 10, ex. 2 ¶ 10.  This is an insufficient tender to support
24  their claim for rescission.  Therefore, we conclude that, even if a TILA violation had
25  occurred, rescission is not an appropriate remedy because plaintiffs have failed to establish
26  that they have the ability to return the loan proceeds.

27  **VII**

28  For all of these reasons, **IT IS ORDERED GRANTING** defendants' motion for

1  summary judgment (doc. 48) and **DENYING** plaintiffs' request for hearing on the motion

2  (doc. 54).  The clerk shall enter final judgment.

3        DATED this 5th day of April, 2011.

_Frederick J. Martone_

Frederick J. Martone
United States District Judge