**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vladimir Brunat, Dagmar Brunat ) | No. CV-09-1796-PHX-FJM |
| Plaintiffs, ) | **ORDER** |
| vs. ) | |
| IndyMac Federal Bank; Deutsche Bank ) National Trust Company; Quality Loan ) Service Corporation, One West Bank, ) | |
| Defendants. ) | |

Before the court is plaintiffs' motion to consolidate and reassign case (doc. 59), defendants' response (filed in <u>Deutsche Bank v. Vladimir Brunat, et al.</u>, CV-11-0944-PHX-GMS (D. Ariz. May 11, 2011) at doc. 6), and plaintiffs' reply (doc. 67). Also before us is plaintiffs' motion for extension of time to file a notice of appeal (doc. 60), defendants' response and motion to dismiss/strike plaintiffs' notice of appeal (doc. 66), and plaintiffs' reply (doc. 68).

In order to prevent the trustee's sale of their property, plaintiffs filed the instant action challenging defendants' security interest in the property under the Truth in Lending Act and Arizona state law governing notice of trustee's sales. On April 6, 2011, we granted defendants' motion for summary judgment on all claims (doc. 55) and on the same day judgment was entered in favor of defendants (doc. 56). On May 9, 2011, plaintiffs filed a

notice of appeal (doc. 57).

Following the entry of judgment, defendants filed a forcible entry and detainer action in state court, seeking to recover possession of the property. Plaintiffs then removed the action on the basis of diversity jurisdiction. See Deutsche Bank v. Vladimir Brunat, et al., CV-11-0944-PHX-GMS (D. Ariz. May 11, 2011). Plaintiffs now seek to consolidate that case with the one currently before us.

Rule 42(a), Fed. R. Civ. P., allows us to consolidate cases that contain a "common question of law or fact." Notwithstanding that the two cases at issue involve similar parties and the same real property, the relevant law and facts underlying the two lawsuits are entirely distinct. In the instant case we considered plaintiffs' challenges to defendants' interests under the Truth in Lending Act and state statutory notice requirements related to trustee's sales. The only issue in a forcible entry and detainer action is the right of actual possession—the merits of title are not litigated. A.R.S. § 12-1177(a); Curtis v. Morris, 186 Ariz. 534, 925 P.2d 259 (1996). Because the two cases do not share a common question of law or fact, we deny plaintiffs' motion to consolidate and/or reassign case (doc. 59). If it is plaintiffs' intention to forestall eviction pending their appeal, their efforts are better directed through a motion to the Ninth Circuit Court of Appeals.

Rule 4(a)(1)(A), Fed. R. App. P., requires a party to file a notice of appeal with the clerk of the district court within 30 days after the judgment or order appealed from is entered. Plaintiffs acknowledge that they filed their notice of appeal 3 days after this deadline and now move for an extension of time to file the notice of appeal (doc. 60). Under Rule 4(a)(5)(A), a district court can extend the time to file a notice of appeal if the motion to extend is filed no later than 30 days after the time prescribed by Rule 4(a), Fed. R. App. P. expires, and the party shows excusable neglect or good cause. In deciding excusable neglect, we consider (1) the danger of prejudice to the non-moving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, and (4) whether the moving party's conduct was in good faith. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498 (1993).

Plaintiffs' counsel asserts that due to a calendaring error, he incorrectly filed the notice of appeal 3 days late. He argues that he nevertheless acted in good faith and that there is no prejudice to defendants given the brief delay.

Defendants contend that they are prejudiced by the fact that plaintiffs have been living in the residence for over two years without making any payments, notwithstanding that title to the property was transferred to defendant Deutsche Bank in November 2009. This obvious prejudice, however, does not arise from the 3-day delay in filing the notice of appeal. Again, the decision to stay the eviction properly lies with the Circuit Court of Appeals. We conclude that the Pioneer Inv. Servs. factors weigh in favor of granting the 3-day extension.

Therefore, **IT IS ORDERED DENYING** plaintiffs' motion to consolidate and/or reassign cases (doc. 59). **IT IS FURTHER ORDERED GRANTING** plaintiffs' motion to extend the time to file the notice of appeal (doc. 60), and **DENYING** defendants' motion to dismiss/strike the notice of appeal (doc. 66).

DATED this 13th day of July, 2011.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge